IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Henry W. Martin, Jr., #190394, ) | |
| ) | Civil Action No. 6:07-2689-HMH-WMC |
| Petitioner, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| Cecilia Reynolds, ) | |
| ) | |
| Respondent. ) | |
| ) | |

The petitioner, a state prisoner proceeding *pro se*, seeks habeas corpus relief pursuant to Title 28, United States Code, Section 2254.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

**BACKGROUND OF THE CASE**

The record reveals that the petitioner is currently confined in the Kershaw Correctional Institution of the South Carolina Department of Corrections pursuant to orders of commitment of the Clerk of Court for Greenville County. The petitioner was indicted at the January 1992 term of the Court of General Sessions for Greenville County for murder. He was represented by attorney Lawrence W. Crane of the Greenville County Bar. A jury trial was held on August 31-September 3, 1992, at the conclusion of which the petitioner was found guilty as charged. He was sentenced by the Honorable Gerald C. Smoak to confinement for a period of life.

The petitioner filed a timely notice of intent to appeal and an appeal was perfected on his behalf by attorney M. Anne Pearce of the South Carolina Office of Appellate Defense. In the final brief of appellant, the following issue was raised:

> Whether the trial court erred in denying defense counsel's motion to suppress all evidence seized from Appellant's residence and truck in violation of the Fourth Amendment.

The South Carolina Supreme Court affirmed the petitioner's conviction pursuant to Rule 220(b)(1) SCACR. *State v. Martin*, Memo. Op. No. 94-MO-053 (filed March 25, 1994).

The petitioner made an application for post-conviction relief dated October 14, 1994 (App. 604). In his application, the petitioner alleged that he was being held in custody unlawfully for the following reasons (verbatim):

(1)    Ineffective assistance of appellate counsel:

Ineffective assistance of counsel on a direct of Appeal's;

(2)    Ineffective assistance of trial counsel:

Ineffective assistance of counsel in the lower court;

(3)    Due process violation:

constitutional statutory violation of the United States and the State of South Carolina Statutes;

(4)    Vacate of sentence;

(5)    Direct verdict of acquittal;

(6)    After discovered evidence:

New discovery of evidence;

(7)    New trial;

(8)    Considered of Bail for the Post-Conviction Application;

(9)    Grant a Writ of Certiorari.

The respondent made a return on February 8, 1995 (App. 609). On October 26, 1995, a hearing was convened before the Honorable Henry F. Floyd, presiding judge. The petitioner was represented by John Rollins. The respondent was represented by Matthew McGuire of the Attorney General's Office.

At the hearing, the petitioner moved for the court to relieve his appointed counsel. The motion was granted on January 18, 1996. Judge Floyd also found as follows:

> (1) The Applicant is financially able to retain private counsel for the pursuit of post-conviction relief;
>
> (2) The Applicant is hereby ordered to retain private counsel for representation in his post-conviction relief application within thirty days of the receipt of this Order;
>
> (3) The Applicant is hereby ordered to notify the Greenville County Clerk of Court and the Respondent (Office of Attorney General) as to the attorney who has been retained in the post-conviction relief matter.
>
> (4) The Clerk of Court is to consolidate all of Applicant's pending post-conviction relief applications (if any besides this case) and pleadings which can be construed as Petitions for Writ of Habeas Corpus (if any), under the case number listed in this caption. The following case number shall be consolidated under the above case number: 94-CP-23-3105.

(App. 616-33). Thereafter, the petitioner filed a Rule 59(e) motion to reconsider, and on April 11, 1996, Judge Floyd appointed counsel from the Indigent Defense Fund. On June 13, 1996, the Honorable C. Victor Pyle, Jr., granted the petitioner a date certain (7/18/96) to hear his application.

An evidentiary hearing was convened on July 18, 1996, before the Honorable John W. Kittredge (App. 635). At that time, the petitioner moved to relieve his court-appointed attorney, Robin Stilwell, and requested a continuance. Judge Kittredge granted the continuance but did not relieve Robin Stilwell from representation of the petitioner. At that time, trial counsel Larry Crane filed a motion to reconsider Judge Kittredge's order, which was denied on July 31, 1996 (App. 637-65).

The matter was again scheduled for August 27, 1996. The petitioner appeared in court with his court-appointed attorney, Robin Stilwell. At that time, the petitioner again requested a continuance to the November 12, 1996, term of PCR hearings in order to better prepare his case and moved to remove Robin Stilwell. That motion was granted by the Honorable Frank P. McGowan, Jr., on October 1, 1996; however, Stilwell was ordered to assist the petitioner with his case.

Finally, the matter was scheduled before the Honorable Costa Pleicones on November 12, 1996 (App. 670). The petitioner again requested a continuance. The petitioner asserted he needed to secure copies of a pathology exam and a death certificate. Judge Pleicones advised the petitioner that he would not grant his request for a continuance (App. 676). The petitioner advised the court that he refused to go forward if a continuance was not granted. Judge Pleicones noted that on each occasion this case has been scheduled, the State has subpoenaed Fletcher Smith, Larry Crane and Regan Pendleton of the Greenville County Bar and they have been present. On two occasions, Anne Pearce of Columbia traveled to testify at these hearings. Judge Pleicones found that the petitioner had had sufficient time to prepare his case and any further continuances would be solely for the purpose of delay.

During the course of this hearing, the PCR judge granted the petitioner a lunch time recess to consider his decision (App. 676-78). Upon reconvening, the petitioner still refused to proceed (App. 678). The PCR court dismissed the application pursuant to Rule 41B, SCRCP due to the petitioner's failure to prosecute this action (App. 679-80). Judge Pleicones entered a written order of dismissal in the matter on February 27, 1997 (App. 682-85). The petitioner made a motion to alter or amend dated March 7, 1997 (App. 687-706). On March 25, 1997, Judge Pleicones denied the motion (App. 707).

The Petitioner made an appeal from the dismissal. In the appeal, he was represented by Clay T. Allen of the Greenville County Bar. On March 20, 1998, he made

a "Johnson Petition for Writ of Certiorari" and petition to be relieved as counsel, asserting the following:

> (1) Did the hearing judge err by refusing to grant the Petitioner a continuance in order to prepare his case for the evidentiary hearing and by ordering the Petitioner to proceed at the evidentiary hearing?
>
> (2) Did the hearing judge err by refusing to grant the Petitioner's Motion for Relief from Judgment?

*Johnson* petition for writ of certiorari, p. 2 (return ex. 5). On May 6, 1998, the petitioner made an "Amend Johnson Petition for Writ of Certiorari" *pro se* (return ex. 6). In that *pro se* petition he asserted five questions (verbatim):

> (1) Did the lower trial counsel first motion for conspiracy was timely raised to preserved the Appellant for appeal?
>
> (2) Did the lower counsel secondly motion for charge of venue was raised and preserved the Appellant right for appeal?
>
> (3) Did the lower court counsel third motion for continuance was timely raised and preserved the Appellant right for appeal?
>
> (4) Did the lower court trial counsel fourth motion suppress any and all evidence size result of the death investigator on Ricky L. Norris was timely raised and the Appellant right was preserved for trial?
>
> (5) Did lower trial counsel timely preserved the request for the notice of alibi for appeal?

*Id*. On August 26, 1998, the petitioner filed a *pro se* "Amend Johnson Petition for Writ of Certiorari and Motion to Considation the Appeal Pending Before the Supreme Court on Appeal for Appellate Review" (return ex. 7). On September 24, 1998, the Supreme Court entered an order denying the petition to amend (return ex. 8). On February 2, 1999, the Supreme Court of South Carolina entered an order denying the petition for writ of certiorari after review pursuant to *Johnson v. State*, 294 S.C. 310, 364 S.E.2d 201 (1988), and granted counsel's request to be relieved (return ex. 9). The petitioner made a "Petition

5

Suggestion for Rehearing In Banc" *pro se* dated March 3, 1999 (return ex. 10). The petition was denied on April 7, 1999, by order (return ex. 11). The remittitur was entered on April 7, 1999 (return ex. 12).

The petitioner next filed a *pro se* "Petition for Writ of Habeas Corpus" in Greenville County on March 19, 2002. *Martin v. State*, 2002-CP-23-2273. The respondent made a return and motion to dismiss on June 11, 2002. On July 5, 2002, the Honorable Larry Patterson entered an order dismissing the petition based upon state jurisdictional bars because the claims were not cognizable in a habeas corpus action. The petitioner made an appeal from the denial to the South Carolina Court of Appeals. On May 14, 2004, appointed appellate counsel, Tara S. Taggart of the South Carolina Office of Appellate Defense, made a final *Anders* brief of appellant alleging:

> Whether the judge erred in dismissing petitioner's writ of habeas corpus without providing petitioner an evidentiary hearing?

(Return ex. 14). On January 5, 2006, the Court of Appeals entered its unpublished opinion dismissing the appeal. *Martin v. State*, Unpub. Op. No. 2006-UP-006 (S.C.Ct.App. Jan. 5, 2006) (*id*.). In particular, the court held (verbatim):

> **PER CURIAM:** Henry Martin appeals the trial court's dismissal of his petition for writ of habeas corpus. He argues the trial court erred in denying him an evidentiary hearing to determine whether he should be released from custody for the State's alleged violations of his due process rights under the South Carolina and Untied States Constitutions. The trial court correctly found Martin's petition failed to allege sufficient facts showing why other remedies, such a Post Conviction Relief (PCR), were unavailable. See Keeler v. Mauney, 330 S.C. 568, 571, 500 S.E.2d 123, 124 (Ct. App. 1998)("A person is procedurally barred from petitioning the circuit court for a writ of habeas corpus where the matter alleged is one which could have been raised in a PCR application.") Accordingly, after a thorough review of the record and counsel's brief pursuant to Anders v. California, 386 U.S. 738 (1967), and State v. Williams, 305 S.C. 116, 406 S.E.2d 357 (1991), we dismiss Martin's appeal and grant counsel's motion to be relieved.

6

(Return ex. 15). The petitioner, proceeding *pro se*, made a petition for rehearing. On May 23, 2006, the Court of Appeals entered an "Order Denying Petition for Rehearing." The petitioner subsequently sought an extension of time to file a petition for writ of certiorari in the South Carolina Supreme Court. The court entered an order on October 9, 2006, allowing a petition to be filed and served by October 20, 2006. The respondent did not received a copy of the petition for writ of certiorari, and on November 20, 2006, made a "Motion to File Return out of Time" based upon the failure to have received the petition (return ex. 18). On January 4, 2007, the Supreme Court of South Carolina entered its letter order that the petition for writ of certiorari was denied (return ex. 19). On January 4, 1997, the court entered a second order that the respondent's "motion to file return out of time is denied as moot" (return ex. 20). On January 9, 2007, the South Carolina Supreme Court entered its remittitur (return ex. 21).

In his *pro se* petition now before this court, the petitioner makes the following allegations (verbatim):

> (1)   On September 2, 1998 the Petitioner file his Initial Brief of Appellant and raised two issues on a direct appeal that reads as follows:
>
>> (a)   The Judge did err at the hearing by refusing to grant the Appellant's Complaint for Declaratory and Injunction to obtain exculpatory material in order to prepare his case for PCR evidentiary hearing and by ordering the Appellant to proceed at the evidentiary hearing without exculpatory material. The hearing judge err by refusing not to grant Appellant's Motion for Declaratory and Injunction relief from Summary Judgment.
>
> (2)   Second Amend Anders Brief of Appellant where I raised five (5) issues for relief as was ordered by the Court.
>
>> (a)   The trial court did err in denying the Appellant habeas petition to seek discretionary review by court in order to exhaust all State remedies, thereby preserving his ability to seek federal habeas corpus.

7

  (3) SLED withheld exculpatory evidence that has been redacted by this agency from the Petitioner.

    (a) On February 29, 1996 Agent Brown wrote the Petitioner a letter stated that in response to your FOIA request concerning the above reference case, I have determined that the information that must be redacted. Once the review has been completed, you will be contacted. Would supported the ground for ineffective assistance at trial counsel and ineffective assistance appellate counsel on direct appeal are collateral review.

  (4) The judge erred in dismissing Petitioner's Writ of Habeas Corpus without providing Petitioner an evidentiary hearing.

    (a) Here, Petitioner alleges he has been deprived of basic due process as guaranteed under both the United States Constitution and the Constitution of the State of South Carolina. Petitioner has made several serious allegations including a course of conduct that alleges judicial misconduct where there has been a "denial of fundamental fairness shocking to the universal sense of justice." Petitioner should be granted on evidentiary hearing during which he should be allowed to present evidence on all of his claims for relief.

On December 19, 2007, the petitioner filed a motion for summary judgment. On December 27, 2007, the respondent filed a motion for summary judgment. By order filed December 28, 2008, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the respondent's motion, the summary judgment dismissal procedure, and the possible consequences if he failed to adequately respond to the motion. After being granted three extensions of time, the petitioner filed his opposition to the motion on April 28, 2008.

## APPLICABLE LAW

  Title 28, United States Code, Section 2254(d) and (e) provides in pertinent part as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
>
> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(d), (e).

> Title 28, United States Code, Section 2244(d), provides:
>
> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>  (D) the date on which the factual predicate of the claim
> or claims presented could have been discovered through
> the exercise of due diligence.
>
> (2)    The time during which a properly filed application for
> State post-conviction or other collateral review with respect to
> the pertinent judgment or claim is pending shall not be counted
> toward any period of limitation under this subsection.

## ANALYSIS

The respondent first argues that the petition is untimely under the one-year statutory deadline set forth in the Antiterrorism and Effective Death Penalty Act ("AEDPA"). The one-year time period runs from the latest of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The petitioner's conviction became final before the enactment of the AEDPA; accordingly, the limitations period began to run with the AEDPA's effective date, April 24, 1996. *See Hernandez v. Caldwell*, 225 F.3d 435, 439 (4th Cir. 2000). The limitations period expired on April 24, 1997, unless the period was at any time tolled for any properly filed state PCR application. 28 U.S.C. § 2244(d)(2).

The petitioner filed a state PCR action in October 1994, and it was denied in 1997. The South Carolina Supreme Court denied the petitioner's petition for writ of certiorari and entered the remittitur on April 7, 1999. Accordingly, the petitioner had until April 7, 2000, to file any federal habeas action. The petitioner filed a state petition for writ of habeas corpus on March 19, 2002, nearly two years after the statute of limitations expired. He claims that the statutory time did not begin to run until January 9, 2007, the date on which the South Carolina Supreme Court entered its remittitur after denying the petitioner's petition for writ of certiorari on the state habeas petition. However, as argued by the respondent, the statute of limitations had already run before the state petition was filed on March 19, 2002. The *Houston v. Lack*, 487 U.S. 266 (1988), delivery date of the

instant petition is July 27, 2007. Based upon the foregoing, the instant petition is clearly untimely.

Furthermore, the petitioner has offered no valid explanation as to why the statute of limitations should be equitably tolled. In *Harris v. Hutchinson*, 209 F.3d 325, 330-31 (4th Cir. 2000), the Fourth Circuit Court of Appeals described the analysis of a claim of equitable tolling as follows:

> "As a discretionary doctrine that turns on the facts and circumstances of a particular case, equitable tolling does not lend itself to bright-line rules." *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999). The doctrine has been applied in "two generally distinct kinds of situations. In the first, the plaintiffs were prevented from asserting their claims by some kind of wrongful conduct on the part of the defendant. In the second, extraordinary circumstances beyond plaintiffs' control made it impossible to file the claims on time." *Alvarez-Machain v. United States*, 107 F.3d 696, 700 (9th Cir.1996) (citation omitted). But any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

*Id.* at 330. The court went on to find:

> Harris argues that equitable considerations justify tolling in his case because the missed deadline was the result of an innocent misreading of the statutory provision by his counsel. While we agree that the mistake by Harris' counsel appears to have been innocent, we cannot say that the lawyer's mistake in interpreting a statutory provision constitutes that "extraordinary circumstance" external to Harris that would justify equitable tolling. *See Taliani*, 189 F.3d at 598 (holding that a lawyer's miscalculation of a limitations period is not a valid basis for equitable tolling); *see also Sandvik*, 177 F.3d at 1272 (refusing to toll the limitations period where the prisoner's delay was assertedly the result of a lawyer's decision to mail the petition

11

>by ordinary mail rather than to use some form of expedited delivery); *Fisher*, 174 F.3d at 714-15 (refusing to toll limitation where access to legal materials that would have given notice of the limitations period was delayed); *Miller v. Marr*, 141 F.3d at 978 (same); *Gilbert v. Secretary of Health and Human Services*, 51 F.3d 254, 257 (Fed. Cir.1995) (holding that a lawyer's mistake is not a valid basis for equitable tolling); *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir.1991) (refusing to apply equitable tolling where the delay in filing was the result of a plaintiff's unfamiliarity with the legal process or his lack of legal representation).

*Id.* at 330-31.

Based upon the foregoing, the petition was not timely filed, and it is barred by Section 2244(d)(1).

## CONCLUSION AND RECOMMENDATION

Being "mindful that Congress enacted §2244(d) 'with the ... purpose of curbing the abuse of the statutory writ of habeas corpus,'" *Allen v. Mitchell*, 276 F.3d 183, 186 (4th Cir. 2001) (quoting *Crawley v. Catoe*, 257 F.3d 395, 400 (4th Cir. 2001)), this court concludes that the petition in this case was untimely filed, even when properly tolled.[1]

Wherefore, based upon the foregoing, it is recommended that the petitioner's motion for summary judgment be denied and the respondent's motion for summary judgment be granted.[2]  *See Rouse v. Lee*, 339 F.3d 238, 257 (4th Cir. 2003), *cert. denied*, 541 U.S. 905 (2004) (affirming dismissal of petition filed one day late).

s/William M. Catoe
United States Magistrate Judge

May 9, 2008
Greenville, South Carolina

---

[1] The decision of the Fourth Circuit Court of Appeals in *Frasch v. Peguese*, 414 F.3d 518 (4th Cir. 2005), is inapposite on the facts.

[2] As this court has recommended dismissal based on statute of limitations grounds, the respondent's other grounds for dismissal will not be addressed.