IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Henry W. Martin, Jr., #190394, | ) | |
| | ) | |
| Petitioner, | ) | C.A. No. 6:07–2689–HMH–WMC |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Cecilia Reynolds, | ) | |
| | ) | |
| Respondent. | ) | |

  This matter is before the court with the Report and Recommendation of United States Magistrate Judge William M. Catoe made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 for the District of South Carolina.[1] The Petitioner, Henry W. Martin, Jr., ("Martin") is a pro se state prisoner seeking habeas corpus relief pursuant to 28 U.S.C. § 2254 (2006). Magistrate Judge Catoe recommends granting the Respondent's motion for summary judgment on the basis that Martin's petition is time-barred. For the reasons set forth below, the court adopts the Magistrate Judge's Report and grants the Respondent's motion for summary judgment. The Petitioner's motion for summary judgment is denied, and his application for post-conviction relief ("PCR") is dismissed with prejudice.

---

  [1] The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. See 28 U.S.C. § 636(b)(1) (2006).

## I. FACTUAL AND PROCEDURAL BACKGROUND

On September 3, 1992, following a three-day jury trial, Martin was convicted of murder and sentenced to life in prison. That conviction was affirmed by an order of the South Carolina Supreme Court dated March 25, 1994. Martin subsequently commenced state collateral review proceedings. On February 27, 1997, the court before which Martin's PCR action was pending dismissed the application for Martin's failure to prosecute his claim. Martin appealed the dismissal to the state supreme court but was denied certiorari. The supreme court entered an appropriate remittitur on April 7, 1999.

Nearly three years later, Martin again attempted to commence a PCR action in state court. Martin filed a habeas petition in the Circuit Court of Greenville County on March 19, 2002, which was dismissed by order dated July 5, 2002. That order was affirmed by an unpublished opinion of the South Carolina Court of Appeals on January 5, 2006. For a second time, Martin sought certiorari from the state supreme court. However, by order dated January 4, 2007, the supreme court again denied Martin's petition, and on January 9, 2007, entered an appropriate remittitur.

Martin filed the instant petition pursuant to § 2254 on July 27, 2007.[2] Cross-motions for summary judgment were filed on December 19 and 27, 2007, respectively by Martin and the Respondent. The Magistrate Judge filed his Report and Recommendation on May 9, 2008.

---

[2] See Houston v. Lack, 487 U.S. 266 (1988).

2

## II. REPORT AND RECOMMENDATION

The Magistrate Judge has recommended that the Respondent's motion for summary judgment be granted because Martin's claim is barred by the one-year statute of limitations established by the Antiterrorism & Effective Death Penalty Act ("AEDPA").

## III. DISCUSSION OF THE LAW

Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Martin filed objections to the Report and Recommendation. After review, however, the court finds that many of Martin's objections are non-specific, unrelated to the dispositive portions of the Magistrate Judge's Report and Recommendation, or merely restate his claims. However, the court has identified two specific objections: (1) that the reference of a PCR action to a United States Magistrate Judge represents an abdication of the judicial function, (Objections 33); and (2) that the Magistrate Judge incorrectly determined the date on which the limitations period expired, (Objections 43). These objections are considered in turn.

### A. Referral to the United States Magistrate Judge

Martin has suggested that the reference of his habeas petition to the Magistrate Judge is violative of the Federal Constitution, in that he has been deprived of his due process right to proceed before an Article III judge. However, Congress has granted Magistrate Judges the

authority explicitly, through the Federal Magistrates Act, 28 U.S.C. § 631, to hear applications for post-conviction relief and to submit findings in the form of a report and recommendation to the appropriate judicial officer. 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge does not make a final decision in a PCR action. The Magistrate Judge makes only a recommendation that this court is at liberty to adopt, reject, or modify in the exercise of its sound discretion. § 636. As long as this court wields ultimate dispositive authority over actions for post-conviction relief, the criminal defendant's due process rights are adequately protected. United States v. Raddatz, 447 U.S. 667, 680–81 (1980).

In this case, the court finds that Martin's due process rights were adequately protected. The reference of the case to the Magistrate Judge is consistent with the standards established by § 636, and this court has exercised an independent review of the Magistrate's Report in reaching its decision. Therefore, Martin's objection with regard to the procedure of referral is unavailing.

### B. Statute of Limitations

Section 2244 establishes a one-year period of limitation that "shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). "The limitation period shall run from . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A). However, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation . . . ." § 2244(d)(2).

Magistrate Judge Catoe found that Martin's conviction became final prior to April 24, 1996, the date on which AEDPA became effective. For the Petitioner and for cases similar to

his, the earliest date that the one-year limitation period can begin to run is on AEDPA's effective date, rather than a prior date on which the criminal defendant's conviction became final. Hernandez v. Caldwell, 225 F.3d 435, 439 (4th Cir. 2000) (citation omitted); see also Rouse v. Lee, 339 F.3d 238, 243 (4th Cir. 2003) ("For prisoners . . . whose convictions became final before the AEDPA was enacted, the one-year limitations period began to run on the AEDPA's effective date, and thus, they had until April 24, 1997, absent tolling, to file their federal habeas petitions.").

Magistrate Judge Catoe further found that at the time when AEDPA became effective, Martin had properly filed a PCR action with the state courts, and that such action was pending until April 7, 1999. That date, according to Magistrate Judge Catoe, signaled the termination of state proceedings, and likewise signaled the commencement of the one-year period of limitation within which to file a federal action for collateral review. That period expired on April 7, 2000, without the filing of a petition. The Magistrate Judge accordingly recommended this petition's dismissal for having been filed well after the expiration of the limitation period.

Martin contends that AEDPA's limitation period did not expire until January 9, 2007, and that his federal PCR application was therefore timely filed. By his calculation, Martin had until April 7, 2002, to file his federal application. (Objections 41.) Rather than file an application during that time, however, Martin filed a second habeas petition in state court, on March 19, 2002, in an effort to "further exhaust all state remedies." (Id.) The second application was dismissed on jurisdictional grounds, and the appeals from that decision concluded on January 9, 2007, when the state supreme court issued a remittitur in the case.

Having thoroughly reviewed the record, the memoranda, and the Magistrate Judge's Report, this court is unable to identify any basis on which to consider an application for federal relief filed on April 7, 2002, as timely filed. Instead, the court agrees with the Magistrate Judge's assessment. The record indicates that Martin exhausted his collateral appeals in state court on April 7, 1999. That date signals the beginning of the one-year limitation period established by § 2244. Therefore, Martin had until April 7, 2000, to file a federal application, rather than April 7, 2002. By the time that the second state petition was filed, and certainly by the time of this federal petition, the period of limitation had long since expired.

Magistrate Judge Catoe further considered whether the limitation period is subject to equitable tolling principles. "Equitable tolling is appropriate when, but only when, extraordinary circumstances beyond the petitioner's control prevented him from complying with the statutory time limit." Rouse, 339 F.3d at 246 (internal quotation and alteration, and citation omitted). However, "even in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling." United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (citation omitted).

The Magistrate Judge's Report considered, but did not identify, circumstances that would favor the application of equitable tolling. Nor are such circumstances set forth in the Objections. Martin simply has not shown the existence of extraordinary circumstances beyond his control that would have prevented him from filing a federal claim within the time limits established by AEDPA. See Rouse, 339 F.3d at 246 (internal quotation marks omitted). Accordingly, this petition has not been timely filed and cannot be salvaged by the operation of equitable tolling. See Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002).

Therefore, it is

**ORDERED** that the Respondent's motion for summary judgment, docket number 16, is granted, that Martin's motion for summary judgment, docket number 14, is denied, and that Martin's § 2254 petition is dismissed with prejudice. It is further

**ORDERED** that any unresolved motions are denied as moot.

**IT IS SO ORDERED**.

              s/Henry M. Herlong, Jr.
              United States District Judge

Greenville, South Carolina
June 20, 2008

### NOTICE OF RIGHT TO APPEAL

The Petitioner is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.